UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE APPLICATION OF USA PURSUANT ) <br> TO 18 U.S.C. § 3512 FOR ORDER FOR ) <br> COMMISSIONER'S APPOINTMENT FOR ) <br> Fraud Investigation ) <br> ) <br> ) | ML No: 19-85 |

*Reference:*     *DOJ Ref. # CRM-182-66594*

APPLICATION OF THE UNITED STATES FOR AN ORDER
FOR A COMMISSIONER'S APPOINTMENT PURSUANT TO 18 U.S.C. § 3512

The United States of America, moving by and through its undersigned counsel,

respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. § 3512,

appointing the undersigned attorney, Angela S. George, Trial Attorney, Office of International

Affairs, Criminal Division, U.S. Department of Justice (or a substitute or successor subsequently

designated by the Office of International Affairs), as a commissioner to collect evidence and to

take such other action as is necessary to execute this and any subsequent, supplemental requests

for assistance with the above-captioned criminal matter from the Republic of Chile (Chile).  In

support of this application, the United States asserts:

RELEVANT FACTS

1.      The Central Authority of the Republic of Chile, Office of the Public Prosecutor of

Chile (OPP), submitted a request for assistance (the Request) to the United States, pursuant to

the Inter-American Convention on Mutual Assistance in Criminal Matters, Aug. 27, 1992 - Feb.

28, 2006, S. Treaty Doc. No. 105-25 (the Treaty).  As stated in the Request, the OPP in Chile is

investigating unknown individual(s) for fraud, which occurred from July 2016 to the present, in

violation of the criminal law of Chile, specifically, Article 468 of the Penal Code of Chile.
Under the Treaty, the United States is obligated to assist in response to the Request.

2.      According to Chilean authorities, in early 2017, Victim company (Victim), a wine
supplier domiciled in Providencia, Chile, learned that an unknown individual accessed their
business email system and intercepted email communications for the purpose of fraudulently
directing invoice payments in the amount of $45,446 USD to the unknown individual's Bank of
America, N.A. (BOA) bank account in the United States.

3.      As background information, Chilean authorities provided the following
information.  On July 21, 2016, one of the Victim's customers, DNT, a Vietnamese company,
placed an order for 1108 boxes of bottled wine for the sum of $47,917 USD.  On December 19,
2016, DNT made a partial payment in the amount of $20,931 USD by transferring the funds to
the Victim's bank account at Wells Fargo Bank, leaving a remaining balance of $26,721 USD.
On January 31, 2017, DNT received an email from an individual named Francisco Berrios who
pretended to be one of the Victim's managers and used fberrios@bisquertt.pw as his email
address.  In this email, the unknown individual stated that the Victim's bank account was
currently "undergoing account routine and security upgrades" and payment should be sent to
another account.  On February 5, 2017, DNT received another email from this same person,
providing the new payment instructions for Natwest Bank in the United Kingdom.  When the
Victim inquired about DNT's failure to submit payment for the wine order, it learned that DNT
made payment to a checking account at Natwest Bank.  The Victim did not receive the payment
and did not have a bank account at Natwest Bank at the time of this transaction.

4.      On August 25, 2016, another one of the Victim's customers, ATL, a Romanian
company, placed an order with the Victim for 358 boxes of bottled wine for the amount of $24,

515 USD.  The Victim confirmed the order and issued an invoice to ATL on October 17, 2016,

allowing ATL 90 days to submit payment to the Victim's Wells Fargo Bank account.  In January

2017, the Victim's Regional Director realized that ATL had not made the payment.   The

Regional Director contacted ATL's manager about its lack of payment and learned that ATL, on

January 25, 2017, received an email from an unknown individual pretending to be the Victim's

Regional Director, Jaime Christian Goich Salinas, and using the fake email address of

cgoich_bisquertt@gmail.com.  The unknown individual requested that the payment for the 358

boxes of wine be made to another international bank account at BOA, account number

XXXXXXXX3917, because the Victim's original bank account at Wells Fargo Bank was

blocked for a "tax reason."  Believing the January 25th email was authentic, ATL transferred the

invoice payment to the unknown individual's bank account at BOA.

     5.     The email addresses fberrios@bisquertt.pw and cgoich_bisquertt@gmail.com do

not belong to any individual employed by the Victim and have domains that are different from

the Victim's domain which is @biquertt.cl.

     6.     On February 3, 2017, the Victim received an email from an Irish customer, and in

the email, an individual posing as the Victim's Regional Director informed the Irish customer

that it could receive a 3% discount if it paid its invoice early.  The Victim's real Regional

Director reviewed the email and noticed that the domain, @biquertt.pw, of the email address on

the email was not the Victim's domain name.  At that moment, the Victim was confident that

their business email system had been compromised.  The Victim reported the incidents to

Chilean authorities and issued warnings about the fraud scheme to its customers.

     7.     To further the investigation, Chilean authorities have asked U.S. authorities to: (1)

provide bank records pertaining to account number XXXXXXXX3917 held at Bank of America

in the United States and (2) interview the account holders(s) of the bank account if he or she

resides in the United States.

LEGAL BACKGROUND

8.      A treaty[1] constitutes the law of the land.  U.S. Const. art. VI, cl. 2.  The provisions

of a treaty have equal footing with acts of Congress and are binding on the courts.  See Asakura

v. City of Seattle, 265 U.S. 332, 341 (1924); United States v. The Peggy, 5 U.S. 103 (1801);

United States v. Emuegbunam, 268 F.3d 377, 389 (6th Cir. 2001).  The provisions of a treaty

should be construed liberally "to give effect to the purpose which animates it."  United States v.

Stuart, 489 U.S. 353 (386) (1989) (internal quotations marks omitted).  To the extent that the

provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes

the statute.  Zschernig v. Miller, 389 U.S. 429, 440-41 (1968).  A multilateral convention is a

treaty under U.S. law.

9.      The United States and Chile entered into the Treaty to promote more effective

judicial cooperation and assistance between the parties in criminal matters. See pmbl. The

Treaty obligates each party, upon request, to provide assistance to the other in criminal

investigations, prosecutions, and related proceedings, including assistance in serving documents,

obtaining testimony, statements, records, and executing searches and seizures.  Article 7.

addition, the Treaty, like 18 U.S.C. § 3512, authorizes federal courts to use compulsory measures

to further the execution of such requests.  Article 10.  ("Requests for assistance issued by the

requesting state shall . . .be executed in accordance with the domestic law off the requested

state.").

---

[1] The term "Treaty" used herein encompasses bilateral treaties, multilateral conventions, instruments, and protocols.

10.     When executing a treaty or non-treaty request for assistance from a foreign authority, an attorney for the government may file an application to obtain any requisite court orders under 18 U.S.C. § 3512.  This section authorizes a federal court to issue such orders and provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

> \*                          \*                          \*

> [A]n application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia.

> \*                          \*                          \*

> The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

11.     Congress enacted this section to make it "easier for the United States to respond to [foreign] requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme."  155 Cong. Rec. 6,810 (2009) (statement of Sen. Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat. 2086.[2]  This section provides clear authority for the federal courts, upon application duly

---

[2] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute requests from foreign authorities.  See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. § 3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were executed prior to enactment of section 3512); see also Intel Corp. v. Advanced Micro Devices, Inc.,

authorized by an appropriate official of the Department of Justice, to issue orders that are necessary to execute a foreign request.

12.    An application is duly authorized by an appropriate official of the Department of Justice when the Office of International Affairs[3] has reviewed and authorized the request, and executes the request itself or delegates execution to another attorney for the government.[4]  Upon such a duly authorized application, Section 3512 authorizes a federal judge[5] to issue "such orders as may be necessary to execute [the] request," including:  (1) search warrants under Fed. R. Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the taking of testimony or statements and/or the production of documents or other things.  *See* 18 U.S.C. § 3512(a)(1)--(b)(1).  In addition, a federal judge may order any necessary procedures to facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate its use of the evidence.  18 U.S.C. § 3512(a)(1).

13.    Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents.  The appointed person has authority

---

542 U.S. 241, 247-49 (2004) (describing history of Section 1782).  When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations.  See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

[3] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters.  *See* 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

[4] "Section 3512 can be invoked only when authorized by OIA. . . . Such authorization occurs when an attorney for the government, or his or her office, receives the referral of the request for execution from OIA." Memorandum from the Deputy Attorney General to Department of Justice Components (May 16, 2011) (on file with the Office of International Affairs).

[5] The term "federal judge" includes a magistrate judge.  See 18 U.S.C. § 3512(h)(1); Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

to:  (1) issue an order requiring a person to appear and/or produce documents or other things; (2) administer any necessary oaths; and (3) take testimony or statements and receive documents or other things.  18 U.S.C. § 3512(b)(2).  In ordering a person to appear and/or produce documents or other things, the person appointed, commonly referred to as the "commissioner," typically uses a subpoena entitled "Commissioner's Subpoena."  Any such subpoena may be served or executed anywhere in the United States.  18 U.S.C. § 3512(f).  A sample "Commissioner's Subpoena" is included as Attachment A.

REQUEST FOR ORDER

14.     The Office of International Affairs has reviewed and authorized the Request, and is executing the Request itself.  Consequently, this application for an Order appointing the undersigned attorney as a commissioner to collect evidence and to take such other action as is necessary to execute the Request has been "duly authorized" within the meaning of Section 3512.  In addition, the Request was submitted by an appropriate "foreign authority," the OPP, the designated Central Authority in Chile and seeks assistance in the investigation of fraud – a criminal offense in Chile.    The requested Order is necessary to execute the Request, and the assistance requested, i.e., the production of bank records and witness interviews, falls squarely within that contemplated by Section 3512 and the Treaty.  Finally, this application was properly filed in the District of Columbia.

15.     This application is being made *ex parte*, consistent with U.S. practice in its domestic criminal matters.  The Treaty itself contemplates the need for confidentiality with respect to all aspects of the execution of a request.  Specifically, Article 25 provides that: "[w]hen necessary, the requested state may ask that the information or evidence provided remain confidential according to conditions specified by the central authority."  In this matter, Chile has

asked the Government to keep the Request confidential.

16.     When executing a foreign request for assistance in a criminal matter, both Section 3512 and the Treaty authorize the use of compulsory process comparable to that used in domestic criminal investigations and/or prosecutions.  Because subpoenas utilized in U.S. criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to any person other than the recipient (i.e., no notice to targets or defendants), orders and commissioner subpoenas issued in execution of a foreign request pursuant to Section 3512 and the applicable treaty likewise should require no notice other than to the recipients.  This is true even if the Requesting State, as here, seeks financial records, because the Right to Financial Privacy Act, 12 U.S.C. §§ 3401 et seq., including its notice provisions, does not apply to the execution of foreign requests for legal assistance.  Young v. U.S. Dept. of Justice, 882 F.2d 633, 639 (2d Cir. 1989), cert. denied, 493 U.S. 1072 (1990); In re Letters of Request from the Supreme Court of Hong Kong, 821 F. Supp. 204, 211 (S.D.N.Y. 1993); In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti, 669 F. Supp. 403, 407 (S.D. Fla. 1987).  Accordingly, this Court should authorize a commissioner to collect the evidence requested without notice to any person other than the recipient(s) of any given commissioner subpoena.

17.     Therefore, the United States respectfully requests that this Court issue the attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Angela S. George, Trial Attorney, Office of International Affairs (or a substitute or successor subsequently designated by the Office of International Affairs) as a commissioner, authorizing the undersigned to take the actions necessary, including the issuance of commissioner's subpoenas, as needed, to collect the evidence necessary to execute any pending request for assistance and any subsequent

supplemental requests in connection with the same matter, to do so in a manner consistent with

the intended use of the evidence.

Respectfully submitted,

VAUGHN A. ARY
DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
OK Bar Number 12199

By: _____
Angela S. George
Trial Attorney
D.C. Bar Number 470567
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W., Suite 800
Washington, D.C. 20530
Angela.George@usdoj.gov
(202) 514-4653

**ATTACHMENT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE APPLICATION OF USA PURSUANT       )
TO 18 U.S.C. § 3512 FOR ORDER FOR       )
COMMISSIONER'S APPOINTMENT FOR          )
Fraud Investigation                     )
                                        )
                                        )

*Reference:  DOJ Ref. # CRM-182-66594*
***(Please repeat when responding.)***

<u>COMMISSIONER'S SUBPOENA</u>

TO: Bank of America, N.A.

I, Commissioner Angela S. George, Trial Attorney, Office of International Affairs,

Criminal Division, U.S. Department of Justice, acting pursuant to 18 U.S.C. § 3512, and this

Court's Order signed on _____, for the purpose of rendering assistance to

_____, command that you provide the following documents regarding (an) alleged

violation(s) of the laws of _____; specifically, fraud, in violation of Section of

_____ the Penal Code.

Provide records to International Affairs Specialist _____ by emailing them to

_____ or by mailing via Federal Express either a paper copy of the records or any

commonly used digital storage device loaded with the files to the following mailing address by

_____, 20__:

International Affairs Specialist Vyacheslav Dade
U.S. Department of Justice
Office of International Affairs
1301 New York Avenue, N.W., 8th Floor
Washington, D.C. 20530
Vyacheslav.Dade@usdoj.gov
(202) 616-5627

Pursuant to the Court's Order signed on _____, 20__, no notice of this subpoena or

its contents is to be given to any person unless otherwise authorized to do so by the Court, except

that _____ may notify its attorney for the purpose of obtaining legal advice.

For failure to provide records and/or appear for testimony, or for disclosure of the

existence of the subpoena, you may be deemed guilty of contempt and liable to penalties under

the law.

Date: _____

COMMISSIONER
Angela S. George
Trial Attorney
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W., Suite 800
Washington, D.C. 20530
(202) 514-4653
Angela.George@usdoj.gov